[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Annette Norup and the defendant Howard P. Norup, Sr., were married on April 30, 1949 in New Haven, Connecticut. They had three children who were issue of the marriage, all of whom are now over the age of eighteen. Neither party is a recipient of state or local aid.
The plaintiff is 68 years old and claims to be in poor health, and claims that she is due to go in the hospital for an operation on her arthritic shoulder. The plaintiff also prepared a list of medications which she claims she takes and a list of doctors who she claims she sees. However, there was no medical testimony or medical reports offered to substantiate the plaintiff's claims of poor health. She presently has two part time jobs which are not physically demanding. The court is of the opinion that the plaintiff suffers from the various minor ailments common in someone of her age. The defendant is 74 years of age and appears to be in good health.
The parties lived together for over 46 years until November 1995 when the defendant went to Florida to visit his son, who is married and has two children. The decision that the defendant would spend four or five months with his son in Florida was, a mutual one made by both parties. However, the defendant, when he left for Florida, was contemplating not returning, and he eventually decided not to return. He presently is residing with his son and his family in Florida in a small two-bedroom house. The plaintiff lives in an in-law apartment which is part of the home owned and occupied by the parties' daughter and her family at 77 Hansen Farm Road, North Haven. CT Page 8677
The marriage has broken down irretrievably, with no hope of reconciliation. The parties differ with respect to whether the marriage was a happy one. According to the plaintiff, the relationship was a good one until the defendant suddenly decided to terminate it by announcing that he was not returning from Florida. The defendant, on the other hand, testified that the marriage was not a pleasant one, deteriorating from "day one" and marked by his wife's incessant money and control demands. According to the defendant his wife has an insatiable gambling habit which has contributed substantially to the dissipation of the considerable assets accumulated during the marriage. After listening to, and observing all of the witnesses who testified, the court accepts the defendant's version of the relationship.
The defendant was in the automotive electrical and transmission repair business for many years, retiring and selling out to his business partner in 1988 or 1989 for $256,000.00. The parties owned a family home from 1949 until it was sold in 1991. From the proceeds of that sale, $80,000.00 was given to their daughter; $40,000.00 was given as a gift, and $40,000.00 as a loan which was evidenced by a promissory note and secured by a mortgage. The daughter and her husband used these proceeds in connection with the construction of a home which included the in-law apartment now occupied by the plaintiff. The parties have a life use in the in-law apartment which was given to them in an agreement entered into with the daughter and son-in-law at the time of the loan and gift in 1992, and which provides that they may live there for life rent-free, sharing utilities on a pro-rata basis. The parties also owned and sold other real estate during the course of the marriage. The court is satisfied that the considerable sums of money accumulated by the parties have been spent gradually over the past several years by way of travel and vacations, living expenses, the plaintiff's gambling habit, and the loan and gift referred to above. At the present time the only assets of any significance which the parties have is the life use in the in-law apartment, and the balance of the loan to their daughter and her husband, originally $40,000.00 and now probably between $30,000.00 and $35,000.00. The plaintiff is the owner of a 1989 Ford Thunderbird automobile with a value of $4,000.00. The defendant is the owner of a 1995 Ford Escort with a value of $9,000.00, which has a loan balance of about $8,500.00. In addition, the parties are the joint owners of a 1989 Hyundai automobile worth approximately $1,000.00 and a 1987 Suzuki motorcycle of undetermined value. The Hyundai was transferred several months ago by the defendant to his daughter, CT Page 8678 who testified that she will transfer it back to her father. Each party currently is receiving Social Security payments in the monthly amount of $348.00 for the plaintiff and approximately $900.00 for the defendant. At the present time the two part time jobs held by the plaintiff net her about $91.00 per week and she testified that one of her sons gives her $20.00 per week. It is also noted that the parties' daughter testified that she had been giving the plaintiff $100.00 per week until she stopped because the plaintiff was tearing up the checks. The parties also own 200 shares of Electromedics. Inc. which is of very little value. The only income of an significance which the defendant has is what he receives from Social Security.
After considering all of the evidence and all of the factors listed in Conn. Gen. Stat. § 47B-81, the court makes the following findings and enters the following orders:
1. A decree dissolving the marriage may enter.
2. The court finds that the defendant is in arrearage of $565.00 with respect to the court order entered on May 29, 1996, and he is ordered to pay $15.00 per week on that arrearage.
3. The defendant is ordered to assign to the plaintiff his interest in the balance in the promissory note and mortgage which is owed by his daughter and son-in-law to the parties.
4. Each of the parties is ordered to pay alimony of $1.00 per year to the other.
5. The defendant is ordered to quitclaim his life use interest in the in-law; apartment at 77 Hansen Farm Road, North Haven, Connecticut, to the plaintiff.
6. All of the personal property of the parties located at 77 Hansen Farm Road, North Haven, Connecticut, is awarded to the plaintiff, with the exception of the defendant's tools, which are awarded to him.
7. The plaintiff is to retain sole ownership of the 1989 Ford Thunderbird and the defendant is to retain sole ownership of the 1995 Ford Escort
8. The plaintiff is to have sole ownership of the 1989 Hyundai automobile and the Suzuki motorcycle. CT Page 8679
9. The defendant is ordered to transfer the 200 shares of Electromedics, Inc. to the plaintiff.
10. Each of the parties is to be solely responsible for the debts listed on their respective financial affidavits and they shall each hold the other harmless for said debts.
11. Each of the parties shall be responsible for their own attorney's fees.
Hadden, J.T.R.